No. 13-15503

## UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT
_____

JANE DOE, *et. al.,*
Plaintiffs / Appellants,

v.

DRUMMOND COMPANY, INC., *et. al.,*
Defendants / Appellees.
_____

On Appeal from the United States District Court for the
Northern District of Alabama; Case No.: 09-cv-01041-RDP
The Honorable R. David Proctor
_____

**MOTION OF COLOMBIAN HUMAN RIGHTS ADVOCATES
AND LEGAL SCHOLARS*
FOR LEAVE TO FILE BRIEF AS *AMICI CURIAE* IN SUPPORT OF
PLAINTIFFS-APPELLANTS**
_____

*Counsel for Amici Curiae:*

| JAMES K. GREEN | MARGARET LEE | DAVID O'BRIEN |
| JAMES K. GREEN, P.A. | COASTLINE LAW | 6184 Edsall Rd. # 135 |
| Esperanté, Suite 1650 | GROUP PLLC | Alexandria, VA 22304 |
| 222 Lakeview Ave. | 4015 Ruston Way #200 | |
| West Palm Beach, FL 33401 | Tacoma, WA 98407 | |

*Colombian Commission of Jurists, Legal Option Corporation, Judicial Clinic for Rights and Territory of the Pontificia Universidad Javeriana, Gustavo Gallón Giraldo, Juan Camilo Rivera Rugeles, Raúl Hernández Rodríguez, Juan Felipe García Arboleda, Ekaterina Ortiz Linares, Juan Pablo Calderón Meza

# CERTIFICATE OF INTERESTED PERSONS

Pursuant to 11th Cir. R. 26.1-1, Amici hereby submit their Certificate of Interested Persons, incorporating the Certificate of Interested Persons submitted by Appellants Jane Doe, *et al.*, and adding the following:

### *Amici Curiae*

COLOMBIAN COMMISSION OF JURISTS, Calle 41 n°. 20-25, Bogotá, D.C., Colombia

LEGAL OPTION CORPORATION, Carrera 10 No. 24 - 76 Oficina 500, Edificio Residencias Colón – Bogotá, D.C., Colombia

JUDICIAL CLINIC FOR RIGHTS AND TERRITORY OF THE PONTIFICIA UNIVERSIDAD JAVERIANA, KR 7 # 40-62, Carrera 7, Bogotá, D.C., Colombia

GUSTAVO GALLÓN GIRALDO, Calle 41 n°. 20-25, Bogotá, D.C., Colombia

JUAN CAMILO RIVERA RUGELES, Calle 41 n°. 20-25, Bogotá, D.C., Colombia

RAÚL HERNÁNDEZ RODRÍGUEZ, Carrera 10 No. 24 - 76 Oficina 500, Edificio Residencias Colón – Bogotá, D.C., Colombia

JUAN FELIPE GARCÍA ARBOLEDA, KR 7 # 40-62, Carrera 7, Bogotá, D.C., Colombia

EKATERINA ORTIZ LINARES, 21, B. Hajiyev AZ 0900, Barda, Azerbaijan

JUAN PABLO CALDERÓN MEZA, 244 E Pearson Street, Chicago, IL 60611

**Counsel for *Amici Curiae***

JAMES K. GREEN, Esperanté, Suite 1650, 222 Lakeview Ave. West Palm Beach, FL 33401

MARGARET LEE, Coastline Law Group PLLC, 4015 Ruston Way Suite 200, Tacoma, WA 98407

DAVID O'BRIEN, 6184 Edsall Rd. # 135, Alexandria, VA 22304

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1 *amici curiae* submit their Corporate Disclosure Statement as follows: None of the incorporated *amici curiae* has a parent corporation nor a publicly held corporation that owns 10% or more of its stock.

# MOTION OF COLOMBIAN HUMAN RIGHTS ADVOCATES AND LEGAL SCHOLARS FOR LEAVE TO FILE BRIEF AS *AMICI CURIAE* IN SUPPORT OF PLAINTIFFS-APPELLANTS

## INTRODUCTION

This case involves acts of violence committed by Colombian paramilitary forces against civilian populations. *Amici curiae*, who are Colombian human rights advocates and legal scholars, herein seek leave to file the accompanying brief in support of Plaintiffs-Appellants (hereinafter "Appelants"), pursuant to Fed. R. App. P. 29 and 11th Cir. R. 29-1 and 29-2, in order to assist the Court to properly apply the correct legal standard under international law for crimes against humanity. As practitioners, experts, and advocates in international and Colombian law, *amici* are uniquely positioned to draw to the Court's attention the decisions of Colombian, regional, and international judicial authorities that shed light on the application of the crimes against humanity standard to the Colombian civil conflict. Colombian and international judicial bodies have found that paramilitary violence against civilian populations in Colombia amounts to crimes against humanity, even where the civilians are targeted for their suspected association with guerrilla or opposition political groups. The fact that the victims of violence in this case were suspected of ties to such groups is not a defense to a charge of crimes against humanity and does not remove the acts of violence from within the ambit of an attack on a "civilian population."

1

*Amici* timely submit their brief within seven court days of Appellants' Opening Brief, which was filed on March 14, 2014. Appellants have granted consent for this brief, but Defendants-Appellees ("hereinafter "Appellees") have not. *Amici* therefore file the instant motion pursuant to Fed. R. App. P. 29(b).

## INTEREST OF AMICI CURIAE

*Amici* are legal scholars and practitioners who have witnessed the Colombian conflict. They have closely followed and participated in the Colombian, Inter-American and international legal cases addressing atrocities committed in that war.[1] *Amici* believe that the district court erred in concluding that the widespread and systematic murder of civilians is not a crime against humanity because victims were targeted for their suspected political sympathies. By accepting that the paramilitaries' own political motivation for killing civilians somehow constitutes a legal defense to crimes against humanity, the decision minimizes the magnitude of the crimes they committed. The district court's decision therefore risks undermining Colombian and regional efforts to ensure accountability, and facilitate recovery from Colombia's collective national trauma. Accordingly, *amici* have an interest – and indeed, a moral duty – to ensure that tribunals correctly and consistently apply the international standards for crimes

---

[1] For more information on the background of *Amici*, please see the attached brief, List of *Amici Curiae*.

2

against humanity to the atrocities perpetrated by Colombian paramilitary groups.

## ARGUMENT

*Amici* seek leave to file this brief because they have information and expertise that would otherwise be unavailable to this court. By calling attention to relevant decisions of the Colombian courts, regional tribunals, and international criminal authorities, *amici* can assist the court to properly and consistently apply the international law on crimes against humanity with respect to the paramilitary crimes at issue here.

The district court correctly recognized that the attacks at issue in this case were both systematic and widespread. *Doe v. Drummond Co., Inc.,* No. 2:09-CV-01041-RDP, slip op. at 17-18 (N.D. Ala. Apr. 30, 2010). However, the district court determined erroneously that the paramilitaries' acts were not directed against a "civilian population," reasoning that victims who were targeted based on their suspected association with guerrilla groups were not general members of the population. *Id.* at 18-19. The court cited only to one unpublished district court opinion to justify its conclusions that the victims were military targets rather than civilians. *Id.* (citing *Bowoto v. Chevron Corp.*, 2007 WL 2349343, No. 99-2506 (N.D. Cal. Aug. 14, 2007)). [2] As demonstrated in the *amici's* proposed brief, which

---

[2] The court also cited to *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242, 1247 (11th Cir. 2005), for the separate and unrelated proposition that

3

is attached hereto, widespread or systematic attacks against civilians based on their suspected sympathies with political or military opposition groups do constitute crimes against humanity.

As Colombian and international courts have found, systematic or widespread attacks against civilian populations constitute crimes against humanity, regardless of suspected political affiliations. *Amici* argue that for the definition of a civilian population includes all civilians, and that their attackers cannot relieve themselves of international criminal liability by labeling those civilians as guerrilla sympathizers.

The domestic courts of Colombia have held that paramilitary attacks against civilians are crimes against humanity, regardless of whether the victims' suspected political or military ties. Colombia's Supreme Court of Justice has recognized this in numerous cases. *See, e.g., Gutiérrez Suárez,* Case No. 32022 (Supreme Court of Justice 2009); *Fierro Flórez,* Case No. 36536 (Supreme Court of Justice 2011); *Laverde Zapata,* (Supreme Court of Justice, 2012). In fact, the Colombian courts have found that the paramilitaries' attacks qualified as crimes against humanity precisely *because* the victims were persecuted as supporters of a left-wing political

---

allegations of systematic and widespread attacks that are "too tenuous" are insufficient to support claims of crimes against humanity.

4

group with suspected guerrilla ties. *See Pérez García*, Case No. 33118 (Supreme Court of Justice 2011).

International judicial authority concurs. The Inter-American Commission on Human Rights and the Inter-American Court of Human Rights have determined that paramilitary attacks against civilians that are systematic and widespread in the Colombian conflict constitute crimes against humanity. *See, e.g., Marino Lopéz et al. v. Colombia*, Case 12.573, Inter-Am. C.H.R., Report No. 64/11, OEA/Ser.L/V/II.141 Doc. 69, ¶ 257 (2011) (expulsion of civilians from guerrilla-sympathizing region constituted crimes against humanity); *see also Case of the 19 Merchants v. Colombia*, Merits, Reparations and Costs, Judgment, Inter-Am. Ct. H.R. (Ser. C) No. 109, ¶¶ 135, 142 (July 5, 2004) (describing cases like the one at bar, in which individuals with suspected ties to rebels were forcibly disappeared, as crimes against humanity). In addition, the Office of the Prosecutor of the International Criminal Court has determined that paramilitary activities in Colombia could be prosecuted as crimes against humanity. Office of the Prosecutor for the International Criminal Court, *Situation in Colombia*, Interim Report (November 2012). *Amici* respectfully submit that this Court should agree with these authorities and conclude that the Colombian paramilitaries' strategy of attacking civilians with suspected guerrilla ties constituted crimes against humanity.

5

## CONCLUSION

For the foregoing reasons, proposed *amici curiae* respectfully request that this Court grant their Motion For Leave to File Brief as *Amici Curiae* In Support of Plaintiffs-Appellants.

DATED: March 21, 2014                Respectfully submitted,

s/ James K. Green

JAMES K. GREEN
Counsel for *Amici Curiae*

JAMES K. GREEN, P.A.
Esperanté, Suite 1650
222 Lakeview Ave.
West Palm Beach, FL 33401

MARGARET LEE
COASTLINE LAW GROUP PLLC
4015 Ruston Way Suite 200
Tacoma, WA 98407

DAVID O'BRIEN
6184 Edsall Rd. # 135
Alexandria, VA 22304

*Counsel for Amici Curiae*

## CERTIFICATE OF SERVICE

I, James K. Green, certify that, on March 21, 2014, a copy of this Motion of Colombian Human Rights Advocates and Legal Scholars for Leave to File Brief as *Amici Curiae* in Support of Plaintiffs-Appellants was electronically filed with the Court using CM/ECF, and thus was served on counsel for the parties.

I further certify that, on March 21, 2014, copies of this Brief were sent to the Clerk of the Court by U.S. mail, postage prepaid.

DATED: March 21, 2014               s/ James K. Green

                                                              JAMES K. GREEN
                                                               Counsel for *Amici Curiae*